**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Ryan W. Bounds
Assistant U.S. Attorney
Ryan.Bounds@usdoj.gov
(503) 727-1141
*Reply to Portland Office*



U.S. DEPARTMENT OF JUSTICE
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

August 5, 2022

Kristin Graham Koehler, Esq.
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005

   Re: *United States v. Hydro Extrusion USA, LLC*
      Revised Pre-Charge Plea Offer

Dear Ms. Koehler:

Our offer dated July 27, 2022, has been revised as requested.

1. **Parties/Scope**: This revised plea agreement is between this United States Attorney's Office (USAO) and defendant Hydro Extrusion USA, LLC ("Hydro" or "defendant") and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement applies neither to any charges other than those specifically mentioned herein nor to any civil remedy that the Environmental Protection Agency or any other regulatory agency may seek.

2. **Charges**: Defendant agrees to plead guilty to the Information to be filed in this case, which is transmitted herewith and charges defendant with negligent endangerment by discharge of a hazardous pollutant, in violation of the Clean Air Act, Title 42, United States Code, Section 7413(c)(4).

3. **Penalties**: The maximum sentence for an organization found guilty of this offense is a fine of $200,000 or twice the gross pecuniary gains or losses resulting from the offense, whichever is greater. Defendant must also pay a mandatory fee assessment of $125 by the time of entry of its guilty plea. *See* 18 U.S.C. § 3013(a)(1)(B)(iii).

4. **Dismissal/No Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, insofar as all the material facts underlying such charges are known to the USAO at the time this agreement is tendered to defendant.

Kristin Graham Koehler, Esq.
Re:  Hydro Extrusion Plea Letter
Page 2

---

5.  **Elements of the Offense:** For defendant to be found guilty of Negligent Endangerment in violation of the Clean Air Act as alleged in the Information, the government must prove the following elements beyond a reasonable doubt:

   a.  Hydro, a person, negligently released into the ambient air;

   b.  A hazardous air pollutant (listed in 42 U.S.C. § 7412) or any extremely hazardous substance (listed pursuant to 42 U.S.C. § 11002(a)(2));

   c.  and thereby negligently;

   d.  Placed another person in imminent danger of death or serious bodily injury.

Defendant stipulates that uncontested and admissible evidence of its relevant conduct as summarized in paragraph 6, *infra*, establishes each of the foregoing elements beyond any reasonable doubt.

6.  **Factual Basis and Relevant Conduct**: Defendant stipulates that the following is a true and accurate summary of its offense conduct. Defendant further agrees and avers that every statement herein and every allegation in the Information is true and correct and that the government could prove every statement beyond a reasonable doubt at trial, including through evidence of these admissions.

   A. At all relevant times, Hydro operated a secondary aluminum processing facility in The Dalles, Oregon ("The Dalles Facility") that melted aluminum scrap (generally referred to as "charge") in induction furnaces to produce reusable aluminum generally in the form of logs or billets.

   B. The Dalles Facility was subject to National Emissions Standards for Hazardous Air Pollutants for Secondary Aluminum Production (i.e., NESHAP RRR, 40 C.F.R. Part 63, Subpart RRR) under the Clean Air Act and operated under a Title V air permit issued by the Oregon Department of Environmental Quality ("DEQ"), a program approved by the U.S. Environmental Protection Agency ("EPA"). The induction furnaces at The Dalles Facility were Group 2 furnaces pursuant to the NESHAP RRR, which, along with the Title V air permit, required that only "clean charge" be melted in those furnaces.

   C. The induction furnaces were open to the interior of the building in which they were located and where employees operated the furnaces; air emissions from those furnaces did not pass through any pollution control devices, and the building vented to the ambient air.

   D. From not later than July 2018 and continuing through June 2019, The Dalles Facility processed, among other materials, scrap denominated as 1070 aluminum alloy as well as a blend containing 5000 and 6000 (or 5xxx and 6xxx) aluminum alloys from a third-party

Kristin Graham Koehler, Esq.
Re: Hydro Extrusion Plea Letter
Page 3

---

aluminum recycling company based in West Oakland, California ("Supplier"). These materials constitute the "Relevant Scrap."

E. Although The Dalles Facility's purchase orders with the Supplier generally specified that the scrap to be received by The Dalles Facility must be clean charge, a mineral oil-based mixture had been used on some of the Relevant Scrap, and, therefore, it was not clean charge. Mineral oil, when combusted in an induction furnace, can create smoke containing 2,3,7,8-Tetrachlorodibenzo-p-dioxin and/or polycylic organic matter, each a hazardous air pollutant.[1]

F. From July 2018 through June 2019, The Dalles Facility failed to identify mineral oil on the Relevant Scrap and repeatedly melted the unclean charge in its Group 2 induction furnaces, in violation of its Title V permit. During this time period, employees noticed that the Relevant Scrap was at times causing excessive smoke within The Dalles Facility.

G. Although The Dalles Facility began mixing the Relevant Scrap with clean scrap, it continued to melt the Relevant Scrap and failed to sufficiently investigate the source of the smoking or to determine that the Relevant Scrap was, in fact, unclean. Indeed, even after being told by EPA and DEQ inspectors that the charge they were using was not clean, and thus in violation of The Dalles Facility's air permit, The Dalles Facility continued to melt the unclean charge.

H. In failing to identify the Relevant Scrap as being unclean due the mineral oil content and continuing to melt scrap that resulted in excessive smoking at times, The Dalles Facility negligently released a hazardous air pollutant to the ambient air. In so doing, The Dalles Facility negligently placed individuals in imminent danger of death or serious bodily injury at times during the period from July 2018 through June 2019.

I. Defendant realized cost savings of approximately $466,071 by purchasing the Relevant Scrap from the Supplier rather than purchasing actually clean scrap at market prices.

7. **Waiver of Discovery**: As a material term of this offer and agreement, defendant expressly accepts the USAO's offer to make available the evidence gathered in the investigation of this matter for on-site inspection and the USAO's production of limited discovery as of the date of this agreement in full satisfaction of the government's discovery obligations in this case. Defendant knowingly, intelligently, and voluntarily waives its rights to further production of evidence or information from the government, even though it may be entitled to such production pursuant to the Federal Rules of Criminal Procedure, the discovery orders of the Court, and any prior demands for discovery.

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that it fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for its unlawful conduct in this case.

---

[1] The U.S. Congress and EPA have identified a list of substances determined to be hazardous air pollutants under the Clean Air Act, 42 U.S.C. § 7412.

Kristin Graham Koehler, Esq.
Re: Hydro Extrusion Plea Letter
Page 4

---

The USAO reserves the right to change its sentencing recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

9. **Stipulated Sentence of $550,000 Fine**: The parties will jointly recommend that the Court sentence defendant to pay a criminal fine of $550,000 and stipulate that such a sentence satisfies the criteria of 18 U.S.C. §§ 3553(a) and 3572.

10. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

Defendant expressly agrees that this waiver shall remain effective in the event that the USAO alters its sentencing recommendation because defendant breaches this agreement as described in paragraph 13, *infra*.

11. **Court Bound to Impose Stipulated Sentence**: The parties have entered this agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C). The Court must either accept the agreement and impose the sentence to which the parties stipulated herein or reject the agreement and thereby vitiate its terms, allowing the defendant to withdraw its plea and the government to pursue all lawful charges and to argue for any lawful sentence.

12. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

13. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea or challenge or rescind the waiver of appeal as provided in paragraph 10, *supra*.

If defendant believes that the government has breached the plea agreement, it must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, it has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

Kristin Graham Koehler, Esq.
Re: Hydro Extrusion Plea Letter
Page 5

---

14. **Restitution**: The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to the entry of an order of restitution for all losses suffered by victims of defendant's relevant conduct, including Hydro employees adversely affected by the emissions described in paragraph 6, *supra*. *See* 18 U.S.C. §§ 3663(a)(3); 3663A.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

15. **Prepayment of Stipulated Fine and Mandatory Fee Assessment**: Defendant agrees to deliver, before entry of its guilty plea, a certified check or money order to the USAO in the amount of $550,125, payable to the "Clerk, U.S. District Court," to be deposited into the court registry until the date of sentencing and, thereafter, to be applied to satisfy the financial obligations of defendant pursuant to the judgment of the Court. If the Clerk of the Court will accept pre-judgment wire transfers, defendant may alternatively satisfy this condition by stipulating to an order for the lodging of a pre-judgment payment in the amount of $550,125 and wiring that amount to the account designated by the Clerk upon entry of said order.

16. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Kristin Graham Koehler, Esq.
Re: Hydro Extrusion Plea Letter
Page 6

17. **Deadline**: This revised plea offer expires if not accepted by August 12, 2022, at noon.

Sincerely,

NATALIE K. WIGHT
United States Attorney

RYAN W. BOUNDS
Assistant United States Attorney
KARLA GEBEL PERRIN
Special Assistant United States Attorney

Defendant Hydro Extrusion USA, LLC, through its responsible agents and representatives, has carefully reviewed every part of this agreement with its attorney. Defendant understands and voluntarily agrees to the terms of this agreement. The corporation expressly waives its rights to appeal as outlined in this agreement. The corporation pleads guilty because, in fact, it is guilty.

8/22/22
Date

For Hydro Extrusion USA, LLC, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

8/22/22
Date

Kristin Graham Koehler, Esq.